**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

TASTEE TREATS, INC.,

               Plaintiff,

v.                                        CIVIL ACTION NO.  5:07-cv-00338

UNITED STATES FIDELITY AND
GUARANTY COMPANY,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

As was discussed at the hearing held on October 23, 2008, most, if not all, of the outstanding issues in this action are related to the collapsed culverts near or below the building occupied by Plaintiff Tastee Treats, Inc.  The parties vigorously dispute whether repairing the culverts will require the demolition of Tastee Treats' building, and if so, whether Tastee Treats can recover for that process under the insurance policy issued by Defendant United States Fidelity and Guaranty Company (USF&G).

As Tastee Treats' insurer, USF&G is liable only to the extent that Tastee Treats' damages are covered by its insurance policy or are chargeable to USF&G under the law.  Two parties who are not joined in this action, Kimco of Huntington, Inc. (Kimco), who leases the land to Tastee Treats, and the City of Huntington, West Virginia (Huntington), who owns the culverts, may be liable for some of the damages Tastee Treats is seeking to recover under its insurance policy with USF&G.  Tastee Treats is presently prosecuting an action against Kimco and Huntington in the

Circuit Court of Cabell County.  These separate but related actions present the possibility that Tastee Treats could recover its losses from USF&G in this action and subsequently recover for the same losses from Kimco and/or Huntington in the state court action.  For this reason, the Court expressed concern at the hearing that neither Kimco nor Huntington are parties to the present action.  By Order dated October 24, 2008, the parties were directed to file memoranda addressing the concerns raised by the Court at the hearing—chiefly, whether Kimco and Huntington are required parties under Rule 19 of the Federal Rules of Civil Procedure.  Memoranda were due on November 5, 2008.  USF&G filed a timely memorandum.  To date, Tastee Treats has not filed a memorandum as ordered.

On November 13, 2008, the Court granted Defendant's motion to resubmit the case to mediation.  Tastee Treats and USF&G engaged in a joint mediation session with the parties to the action in Circuit Court of Cabell County in an effort to resolve all outstanding disputes among the various parties.  The Court has been informed that the joint mediation attempt was unsuccessful.

After careful review of the arguments presented at the October 23 hearing and in USF&G's Rule 19 memorandum, it has become apparent that the most appropriate course of action is to stay the present proceedings pending the outcome of Tastee Treats' action against Kimco and Huntington.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  A recognized use of this power is to hold an action in abeyance pending the resolution of a related state court action.  *See American Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937); *Amdur v. Lizars*, 372 F.2d 103, 106 (4th Cir. 1967) ("[A] federal district court has the discretion to stay proceedings on its docket pending the outcome of a similar suit instituted earlier in another court.").  There is no mechanical

2

formula for determining when it is appropriate to stay proceedings.  Rather, the determination "calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket."  *United States v. Georgia Pacific Corp.*, 562 F.2d 294, 296 (4th Cir. 1977).

After assessing the present circumstances of this action in light of equitable and pragmatic considerations, the Court finds that several factors weigh heavily in favor of staying the instant proceedings.  First, the similar state and federal actions represent an inefficient use of judicial resources.  The actions involve significant common questions of fact regarding how best to repair the damaged culverts.  This Court has presided over protracted, constantly evolving, and increasingly contentious discovery in this action.  Despite the fact that discovery has been ongoing for nearly eighteen months—well in excess of the time called for in the initial scheduling order—the parties noted at the hearing that discovery may need to begin anew due to the evolving nature of the issues in this action.   Presumably, the Circuit Court of Cabell County has been dealing with similar issues and the parties' efforts in this action are largely duplicative of the efforts of the parties to the state court action.  Given the need to conserve judicial resources, the common questions of fact in this action and the state court action favor staying the present action.

Second, the resolution of the factual questions in this action likely will not affect the state court action.  The converse is not true, however.  A favorable outcome for Tastee Treats in the state court action may preclude some of its claims against USF&G.  For instance, the Court has been informed that a third-party has offered to purchase Kimco's interest in the land occupied by Tastee Treats and to repair the culverts at its expense in exchange for a settlement of Tastee Treats' claims against Kimco.  This eventuality would narrow the issues in the present action considerably, saving

3

the Court and the parties time and expense.  However, a damages award against USF&G in this action would not preclude Tastee Treats' claims against Kimco and Huntington in the state court action.  Thus, this circumstance suggests that it would prudent to stay the present action pending the result of the state court action.

Third, there is the possibility of a windfall recovery for Tastee Treats if the present action concludes before the state action.  Tastee Treats claims that repairing the culverts will necessitate the demolition of its building and it seeks corresponding compensation from USF&G.  There is, however, the distinct possibility, if not likelihood, that a party to the state court action will undertake the repair of the culverts by some other means that would not involve the destruction of Tastee Treats' building.   If this action were to proceed to its conclusion prior to the state court action, Tastee Treats potentially could receive damages for the destruction of a building that will remain standing.  Therefore, this consideration favors staying the present action.

For the reasons stated above, this action is hereby **STAYED**.  Plaintiff is **DIRECTED** to promptly notify the Court when the action pending in the Circuit Court of Cabell County has concluded so that this matter may proceed.  The Clerk is **DIRECTED** to remove this case from the active docket of the Court until further notice and to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        December January 7, 2009

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE